UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILIP A. SMITH and KIMBERLY G. SMITH,

    Defendants.

CASE NO. C10-5364BHS

ORDER GRANTING UNTIED STATES' MOTION FOR SUMMARY JUDGMENT ON ISSUE OF LIABILITY

This matter comes before the Court on Plaintiff's (the "United States") motion for summary judgment on the issue of liability (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the United States' motion as discussed herein.

## I. PROCEDURAL HISTORY

On June 27, 2011, the United States filed its motion for summary judgment as to the issue of Defendants' liability in this action. Dkt. 21. On July 18, 2011, Defendant Philip A. Smith ("Smith") filed a response in opposition to the motion (Dkt. 24), and on July 21, 2011, the United States replied (Dkt. 25).

## II. FACTUAL BACKGROUND

This is an environmental land use case arising from Smith's criminal violations of the Clean Water Act ("CWA") that are now the subject of the instant civil action. *See* Dkt. 1 (Complaint). On September 20, 2010, Smith entered into a plea agreement wherein

ORDER - 1

he pleaded guilty to "[k]nowingly discharging, or causing to be discharged a pollutant, into a water of the United States without a permit, as charged in Count One, in violation of [CWA Section 301(a)], Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A) and Title 18, United States Code, Section 2." Dkt. 22-1 at 3 (plea agreement in Case No. 09-cr-5590BHS, Dkt. 26 at 2). The following facts were agreed to in the plea agreement between Smith and the United States, and the plea agreement supplies the following undisputed facts for the instant action:

> [Smith] owned five contiguous parcels of real property located in close proximity to the southeast corner of the intersection of Interstate Highway 5 and State of Washington Highway 505 between Winlock and Toledo, in Lewis County, Washington (the Smith property). The five contiguous parcels comprised approximately 190 acres. [Smith] acquired the five contiguous parcels over a three year period beginning in 2005.
> The Smith property was an undeveloped parcel of real property containing wetlands which constitute waters of the United States subject to regulation by the federal government to under the authority of the Clean Water Act. A system of wetlands and surface water bodies covered approximately sixty-five percent (65%) of the Smith property. Included in this system were five unnamed tributaries that drain into Lacamas Creek. Lacamas Creek flows along the eastern portion of the Smith property before discharging into the Cowlitz River. The Cowlitz River flows into the Columbia River which flows into the Pacific Ocean.
> Beginning in or about August 2005 and continuing until in or about October 2047, [Smith] engaged in land clearing activities on the Smith property. The activities involved use of heavy equipment, including bulldozers and excavators to push, scrape and excavate wetland soils and stream channel substrates that were subsequently redeposited or discharged into waters of the United States throughout the Smith property. A total of approximately 98 acres of wetlands were cleared or disturbed by the mechanized land clearing activities, resulting in the removal of soils, excavation of stream channel substrates and discharge of dredged materials.
> None of the land clearing activities undertaken by [Smith], and others acting under his direction, were authorized by state or federal agencies responsible for implementing the Clean Water Act. While Smith held a forest practices permit valid through July 2007 authorizing logging activity on a ten acre section on an upland portion of the property, he had not obtained, nor applied for, the requisite permit under Section 404 of the Clean Water Act before engaging in the mechanized land clearing activities that resulted in the discharge of dredged material into waters of the United States.

*Id.*

In signing the plea agreement, Smith acknowledged that the statutory penalties for the offense were as follows: "imprisonment for up to three (3) years, a fine of not less than five thousand . . . dollars . . . nor more than fifty thousand . . . dollars per day of violation, a period of supervision following release from prison of not more than one (1) year." *Id*.

As part of his plea agreement, Smith agreed to pay $20,000 as restitution to the U.S. Environmental Protection Agency ("EPA"). *Id*. at 4. Also within the plea agreement, the "parties agree[d] that the issue of restoring wetlands damaged by [Smith's] conduct will be addressed through resolution of a separate civil action brought by" the United States, which forms the basis for the instant action. *Id*. The undersigned accepted Smith's plea agreement and entered judgment in his criminal case on January 11, 2011. Dkt. 22-4 (copy of judgment, Dkt. 32, in Case No. 09-5590BHS).

Based on the foregoing, the United States filed the instant action seeking relief for (1) the unauthorized discharges of dredged or fill materials under CWA Section 301(a); and (2) the violation of an EPA order under CWA Section 309(d). The only issue raised by the United States in its motion for summary judgment is whether Smith is liable for these causes of action; the remedy to be applied in this case is an issue reserved for trial. *See* Dkt. 21 at 2.

## III. DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    The United States' Motion for Summary Judgment**

The United States moves for summary judgment as to the issue of liability under CWA Section 301(a) and under Section 309(d).

**1.    Section 301(a)**

The United States argues that Smith's plea agreement in his criminal case precludes him from arguing the issue of liability with respect to his violating CWA

Section 301(a). Dkt. 21 at 2; *see also* Plea Agreement at 2 (Smith pleaded guilty to knowingly violating CWA Section 301(a)). Additionally, within the Joint Status Report ("JSR") submitted by the parties, Smith acknowledged that liability in this case is not in dispute. *See* Dkt. 11 at 3. Smith acknowledges that he is bound by the contents of the plea agreement (Dkt. 24 at 3), but now disputes whether he intended to concede the issue of liability within the JSR. Dkt. 24 at 3 (asserting that he only ever intended to be bound by his plea agreement). However, even if the Court did not consider Smith's apparent concession within the JSR, his claim that he is not liable for the CWA Section 301(a) violation for which he pleaded guilty fails for the reasons discussed herein.

In his opposition, Smith does not dispute that the doctrine of issue preclusion is applicable in his case; instead he attempts to debate the extent of the environmental harm the United States claims he caused to approximately 98 acres of his land without a permit. However, Smith's arguments on this point are immaterial as to the issue of liability and relate only to the issue of remedy, which is not the subject of the United States' summary judgment motion. *See* Dkt. 21 at 2.

Accordingly, summary judgment is granted in favor of the United States on the issue of Smith's liability for violating CWA Section 301(a). *See, e.g., Real Prop. Located at Section 18*, 976 F.2d 515, 519 (9th Cir. 1992) (holding that "guilty plea may be used to establish issue preclusion in a subsequent civil suit")[1]; *Ivers v. United States*, 581 F.2d 1362, 1367 (9th Cir. 1978) (holding that guilty plea is "an admission of each and every

---

[1] In *Real Prop.* the Ninth Circuit set out the criteria for applying "issue preclusion" in cases involving criminal matters as follows: (1) prior conviction must have been for serious offense so that defendant was motivated to fully litigate charges; (2) there must have been full and fair trial to prevent convictions of doubtful validity from being used; (3) issue on which prior conviction is offered must of necessity have been decided at criminal trial; (4) and party against whom collateral estoppel is asserted was party or in privity with party to prior trial. Each of these elements is met in Smith's case and Smith does not offer any authority to the contrary. 976 F.2d at 518; Dkt. 24 (Smith's response in opposition to summary judgment).

essential element of the crime charged" and that the defendant was "collaterally estopped from denying" any of the elements "in a suit arising out of the same transaction and involving the same parties").

**2. Section 309(d)**

The United States has withdrawn its motion for summary judgment on this issue. The United States concedes that Smith's response in opposition to their motion raises material questions of fact.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the United States' motion for summary judgment as to the issue of Smith's liability is **GRANTED** as discussed herein.

DATED this 22nd day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6